IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JAN 30 P 3: 40

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| JEFFERY JAMES JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| vs. ) | 2:05-CV-1164-F |
| ) | |
| D. T. MARSHALL, et al., ) | |
| ) | |
| Respondents. ) | |

**ANSWER**

Come now the Respondents, by and through the Attorney General of Alabama, to respond to the Order to Show Cause issued by this Honorable Court on December 28, 2005.

**PROCEDURAL HISTORY**

Two warrants of arrest -- one for intentional murder and one for first-degree robbery -- were issued for the petitioner, Jeffrey James Jackson, on February 11, 2004. On February 18, 2004, Jackson was arrested and placed in the Montgomery County Jail. The Montgomery District Court set the appearance bonds in the

amount of $50,000 on the murder charge and $30,000 on the first-degree robbery charge.

On March 26, 2004, the Montgomery County District Court conducted a preliminary hearing and found probable cause to believe that Jackson committed the offenses. On that same date, the district court submitted the case to the grand jury.

On February 23, 2004, these two charges were used to support the court's finding that Jackson was delinquent on the ground that he violated the conditions of probation on two previous convictions. The probation was revoked, but it was subsequently reinstated. Circuit Judge Truman Hobbs, the judge to whom Jackson's cases have been referred, recognizes that the trial court had no authority to reinstate the probation after it had been revoked. Consequently, Judge Hobbs recognized that Jackson properly could not be found delinquent on the probation and has indicated that he will set aside the order that declared the delinquency. The order of delinquency, entered on those two previous convictions, has no effect on any issues raised in this petition.

### ISSUES RAISED IN THE FEDERAL HABEAS PETITION

1) His arrest and charges are based on a complaint on that was fabricated by law enforcement officers.

2)  The district court's decision to present the case to the grand jury was unconstitutional.

3)  The State violated his constitutional rights and has prejudiced his ability to prepare an effective defense.

4)  His court-appointed attorney has rendered ineffective assistance of counsel.

### CLAIMS RAISED ON DIRECT APPEAL

Jackson has not been tried on these charges. He is currently in custody pursuant to his arrest on the charges.

### EXHAUSTION OF CLAIMS RAISED IN THE FEDERAL HABEAS PETITION

### (A)

### UNEXHAUSTED CLAIMS

It is impossible to construct a complete procedural history of Jackson's case because it is not clear if the district clerk's office has complete records of all filings in its files. The Respondents' response is based upon the filings submitted by Jackson, as reflected in the case action summary sheet from the district court.

The records from the district court do not establish that Jackson raised Claims 2, 3, and 4 in the trial court. Therefore, these claims are unexhausted.

Claim 1 was raised in state court. The claim is not exhausted, however, because it was improperly raised in state court. Jackson apparently raised some type of claim regarding fabricated testimony in the Montgomery County District Court. He was denied relief, and he appealed to the Alabama Court of Criminal Appeals. That Court dismissed the appeal because the appeal was from a non-appealable order. (Exhibit D)

Jackson also raised the claim in a Writ of Habeas Corpus filed in the Alabama Court of Criminal Appeals. (Exhibit E) The Court of Criminal Appeals denied the petition. The petition was denied because the Court of Criminal Appeals had only appellate jurisdiction, and the petition should have been filed in the circuit court.

In Ex parte Miller, 310 So. 2d 890 (Ala. Crim. App. 1975), the petitioner filed an original writ of habeas corpus in the Court of Criminal Appeals. The court noted that the petitioner did not file any petition in the circuit court, and then denied review of the claim in the petition. The court held that it possessed only appellate jurisdiction and stated:

> Under Amendment No. 328 this court is appellate only--with writ jurisdiction auxiliary to matters in which it has appellate jurisdiction and in superintendence and control thereof.
>
> Our basic business in the Court of Criminal Appeals involves appeals, writs of error and writs of error coram nobis. All else, e.g., injunction, habeas corpus, bail, extradition, mandamus, and prohibition revolve around the first category. Indeed, Amendment

4

> 328, s 603(c) denies in express terms original jurisdiction except in aid of appellate jurisdiction.

Id. at 890-891.

"The proper method of reviewing the denial of a petition for writ of habeas corpus is by appeal and not by original petition addressed to the appellate court." Clay v. State, 561 So. 2d 1116, 1118 (Ala. Crim. App. 1990). Although the holding in Clay has been modified and now the Court of Criminal Appeals may entertain an original petition to review the denial of bail, or the setting of excessive bail, it is still the rule that a habeas petition raising other types of claims must be filed in the trial court. See Ex parte Colbert, 717 So. 2d 868, 871 (Ala. Crim. App. 1998)(The Court of Criminal Appeals will entertain "original petitions for a writ of habeas corpus arising out of a circuit court's denial of, or the setting of excessive, pretrial bail."). Jackson's claim simply involves an evidentiary matter, and thus it was not appropriate for review in a pre-trial petition for writ of habeas corpus relief filed in the Court of Criminal Appeals. Consequently, Jackson has not properly exhausted this claim because it is must first be properly raised in the trial court.

## JACKSON'S PETITION DOES NOT CONTAIN ANY GROUND ON WHICH HE IS ENTITLED TO RELIEF.

### Jackson Is Not Entitled To Pre-Trial Relief In A Federal Habeas Corpus Petition On The Grounds Raised In The Habeas Petition.

Jackson is not entitled to any federal habeas relief on his claims that he is being held in violation of his federal constitutional rights. Jackson is not entitled to litigate the merits of any affirmative defenses in federal habeas before he is convicted of the charges in state court. The issue of whether a habeas corpus petitioner could litigate federal constitutional issues before he has been tried in state court was discussed in Brown v. Estelle, 530 F.2d 1280 (5th Cir. 1976). The court stated in Brown:

> An initial question is whether petitioner has any right to invoke federal habeas corpus in view of the fact that he has not yet been tried on the indictments in question. The answer is provided in large part by the Supreme Court's decision in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). The Court there reiterated the long established principle that 'federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.' Id. at 490, 93 S.Ct. at 1127, 35 L.Ed.2d at 449. The Court held, however, that there was an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial. See Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former

> objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met. See Tooten v. Shevin, 493 F.2d 173 (5 Cir. 1974), cert. denied, 421 U.S. 966, 95 S.Ct. 1957, 44 L.Ed.2d 454 (1975).
>
> The district court found that petitioner was claiming that he had been denied a speedy trial and sought dismissal of indictments, and that he did not seek a present trial on the indictments. The court then assumed that the claim was cognizable and proceeded to determine whether Brown had exhausted available remedies. We believe that the decision that the claim was amenable to federal habeas corpus relief was error, in that a claim that indictments should be dismissed because of an already accomplished violation of a speedy trial right amounts to an attempt to assert 'an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.' 410 U.S. at 490, 93 S. Ct. at 1127, 35 L. Ed. 2d at 449. To permit such an attempt would short circuit the judicial machinery of the state courts in violation of the long line of precedent cited by Justice Rehnquist in his Braden dissent. See 410 U.S. at 508--09, 93 S. Ct. at 1136--37, 35 L.Ed.2d at 460--61.

Brown, 530 F.2d at 1282-1283.

It is clear that Jackson is seeking immediate release from custody or a federal adjudication of constitutional claims before he has been convicted of any crimes. He is attempting to litigate defenses to the charges in state court before the State of Alabama has convicted him of the charges.

Although the Supreme Court in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 (1973) recognized the availability of federal habeas corpus to litigate the merits of an affirmative defense to a state criminal charge prior to conviction, it noted that "special circumstances" need to exist before the federal habeas court exercises that discretion. Braden, 410 U.S. at 490. Braden,

7

however, specifically indicated that its decision does not convert "federal habeas corpus into 'a pretrial-motion forum for state prisoners.'" Id. at 493.

Jackson has not demonstrated the "special circumstances" needed to require this Court to grant habeas corpus relief on an evidentiary matter before he has been tried on the charges. Jackson, obviously, is implying that he should not be forced to endure an unconstitutional trial because he is entitled to be released on the ground that the evidence or testimony of one witness against him is "fabricated," that the district court's decision to present his case to he grand jury is unconstitutional and that he has been denied effective assistance of counsel. These claims, however, are insufficient to obtain pre-trial habeas relief. This type of argument, in reference to a speedy trial claim, was discussed by the court in Dickerson v. State of La., 816 F.2d 220. (5th Cir. 1987). The court stated:

> The premise of Dickerson's argument is that he has a right not to stand trial. Dickerson can be seen as arguing that in order to vindicate this right, there must be some pre-trial forum available to adjudicate his constitutional claim because otherwise he would be required to go through an unconstitutional trial. Consequently, Dickerson appears to be arguing that his sixth amendment right to a speedy trial is important enough to constitute a "special circumstance" under Braden.

Id. at 227.

The court in Dickerson denied relief on that claim and stated:

> We decline to accept Dickerson's analysis that the sixth amendment right to a speedy trial is a per se "special circumstance" because to do so would eliminate the careful distinction drawn by the

8

>court in <u>Braden</u> and reiterated in cases like <u>Brown</u> and <u>Atkins [v. People of State of Mich.</u>, 644 F.2d 543 (6th Cir. 1981)] between a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial. We know of no case authority that holds that the constitutional right to a speedy trial qualifies as a per se "special circumstance" that obviates the exhaustion requirement. Indeed, the cases in which claims similar to Dickerson's have been raised have denied habeas relief on exhaustion and federalism grounds. See, e.g., <u>Brown</u>, 530 F.2d at 1282-84; see also <u>Atkins</u>, 644 F.2d at 546-47; <u>Moore</u>, 515 F.2d at 444-46.

Id. at 227.

If a sixth amendment right to a speedy trial is not a "special circumstance" that justifies pre-trial habeas corpus relief, then the claims raised by Jackson are also insufficient to justify federal habeas relief. The court in <u>Dickerson</u> noted that <u>Braden</u>'s holding "should not be construed as authorizing pre-trial habeas interference by federal courts in the normal functioning of a state's criminal processes." <u>Id</u>. at 226. The court in <u>Dickerson</u> further noted that "pre-trial habeas relief is generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial" even if the claim has been exhausted in state court. <u>Id</u>. at 226. Consequently, as stated in <u>Brown</u> and <u>Dickerson</u>, habeas corpus relief for Jackson is not obtainable because Jackson is simply attempting to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 493 (1973).

9

The rationale applied in <u>Brown</u> and <u>Dickerson</u> to deny relief on pre-trial habeas corpus petitions has been followed by other courts. See <u>Lee v. Louisiana</u>, 2001 WL 83239, at *2 (E.D.La. Jan 29, 2001) ("This Court is also mindful of the instructions of the Fifth Circuit in <u>Brown v. Estelle</u>, 530 F.2d 1280 (5th Cir.1976). Therein, the court reiterated the long established principal that "federal habeas does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense, to a state criminal charge prior to judgment of conviction by a state court." <u>Id</u>. at 1283.").

## (C)

**Jackson Is Not Entitled To Relief On This Claim In A Pre-Trial Habeas Corpus Because He Still Has A Remedy Under State Law To Obtain Review Of The Claim.**

Jackson may still raise his claims on direct appeal if he is subsequently convicted of the charges. Therefore, he is not entitled to federal habeas corpus relief because he will have an effective remedy in which he can raise these claims and challenge the constitutionality of his convictions in state court.

In <u>Dickerson v. State of La.</u>, 816 F.2d 220 (5th Cir. 1987), the court noted that habeas corpus relief should not be granted on claims that could still be decided on the merits at trial in the state court. <u>Dickerson</u> states:

> Despite the absence of an exhaustion requirement in the statutory language of section 2241(c) (3), a body of case law has

developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. See, e.g., Braden, 410 U.S. at 489-92, 93 S.Ct. at 1126-28; Ex parte Royall, 117 U.S. 241, 250-54, 6 S.Ct. 734, 739- 41, 29 L.Ed. 868, 871-72 (1886); Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir.1976). See also Atkins v. Michigan, 644 F.2d 543, 546 (6th Cir.), cert. denied, 452 U.S. 964, 101 S.Ct. 3115, 69 L.Ed.2d 975 (1981); Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir.1979), cert. denied, 446 U.S. 908, 100 S.Ct. 1834, 64 L.Ed.2d 260 (1980); Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir.1975).

Dickerson, 816 F.2d at 225.

## CONCLUSION

Whereas Respondents have shown that Jackson is not entitled to relief, the claims raised in the petition should be denied.

11

## EXHIBITS

The case action summary sheets on Jackson's case are designated Exhibits A-1, A-2 and A-3.

Also attached are various motions and petitions Jackson filed in state courts. (Exhibits B-H)

Respectfully submitted,

Troy King – KIN047
*Attorney General*
State of Alabama

_____
James B. Prude (PRU005)
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>30th</u> day of January, 2006, I served a copy of the foregoing (including exhibits) on the Petitioner, by placing the same in the United States Mail, first class, postage prepaid, and addressed as follows:

Jeffrey James Jackson
Montgomery County Detention Center
250 South McDonough Street
Montgomery, AL  36104

                                                                  _____
                                                                  James B. Prude (PRU005)
                                                                  *Assistant Attorney General*

Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail:  JPrude@ago.state.al.us
94150/89253-001