IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JAN 30 P 3:40

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| JEFFERY JAMES JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| vs. ) | 2:05-CV-1164-MEF-DRB |
| ) | |
| D. T. MARSHALL, et al., ) | |
| ) | |
| Respondents. ) | |

**RESPONSE TO MOTION TO AMEND**

In the Order of January 9, 2006, this Court ordered the Respondents to respond to Jackson's Motion To Amend that was filed on January 4, 2006.

**PROCEDURAL HISTORY**

Jackson is being held in custody because he has been charged with the crimes of murder and robbery. Jackson allegedly committed the crimes on February 9, 2004, and was arrested on February 18, 2004. His case was submitted to the grand jury on March 26, 2004, but the grand jury has not yet returned an indictment.

Jackson raised the following claims in the motion to amend:

1) The arresting officer, Guy Naquin, filed a complaint against Jackson, in which Naquin falsely alleged that Jackson avoided arrest and was in possession of a hand gun when the arrest occurred.

2) Naquin committed perjury by giving false and malicious testimony at the preliminary hearing on March 4, 2004, with the intent to deliberately mislead the court and cause harm to Jackson.

3) Jackson alleges that he is being held in violation of his federal constitutional rights, and that the State of Alabama has failed to properly address his claims.

## EXHAUSTION OF CLAIMS RAISED IN THE FEDERAL HABEAS PETITION

### (A)

### UNEXHAUSTED CLAIMS

It appears that Jackson has not properly exhausted these claims -- which appear to be simply one claim raised in three different ways -- in state court. Jackson apparently raised some type of claim regarding fabricated testimony in the Montgomery County District Court. He was denied relief, and he appealed to the Alabama Court of Criminal Appeals. That Court dismissed the appeal because the appeal was from a non-appealable order. (Exhibit D)

Jackson also raised the claim in a Writ of Habeas Corpus filed in the Court of Criminal Appeals. The Court of Criminal Appeals denied the petition. The petition was denied because the Court of Criminal Appeals had only appellate

jurisdiction, and the petition should have been filed in the circuit court. In <u>Ex parte Miller</u>, 310 So. 2d 890 (Ala. Crim. App. 1975), the petitioner filed an original writ of habeas corpus in the Court of Criminal Appeals. The court noted that the petitioner did not file any petition in the circuit court, and then denied review of the claim in the petition. The court held that it possessed only appellate jurisdiction and stated:

> Under Amendment No. 328 this court is appellate only--with writ jurisdiction auxiliary to matters in which it has appellate jurisdiction and in superintendence and control thereof.
>
> Our basic business in the Court of Criminal Appeals involves appeals, writs of error and writs of error coram nobis. All else, e.g., injunction, habeas corpus, bail, extradition, mandamus, and prohibition revolve around the first category. Indeed, Amendment 328, s 603(c) denies in express terms original jurisdiction except in aid of appellate jurisdiction.

<u>Id</u>. at 890-891.

"The proper method of reviewing the denial of a petition for writ of habeas corpus is by appeal and not by original petition addressed to the appellate court." <u>Clay v. State</u>, 561 So. 2d 1116, 1118 (Ala. Crim. App. 1990). The decision in <u>Clay</u> has been modified, and the Court of Criminal Appeals may entertain original writs raising claims regarding a denial of bail or the setting of excessive bail. See <u>Ex parte Colbert</u>, 717 So. 2d 868, 871 (Ala. Crim. App. 1998)(The Court of Criminal Appeals will entertain "original petitions for a writ of habeas corpus arising out of a circuit court's denial of, or the setting of excessive, pretrial bail."). The rule

3

remains, however, that other types of claims must be raised in the trial court before they may be submitted to the Court of Criminal Appeals. Jackson's claim simply involves an evidentiary matter, and thus it was not appropriate for review in a pre-trial petition for writ of habeas corpus relief filed in the Court of Criminal Appeals. Consequently, Jackson has not properly exhausted this claim because he must first properly raise it in the trial court.

### JACKSON'S AMENDED PETITION DOES NOT CONTAIN ANY GROUND ON WHICH HE IS ENTITLED TO RELIEF.

**Jackson Is Not Entitled To Pre-Trial Relief In A Federal Habeas Corpus Petition On The Ground That A Witness Gave False Testimony At A Preliminary Hearing.**

Jackson asserts that a witness gave false testimony at his preliminary hearing. Jackson's claim, as the Respondent understands it, seeks either immediate release from State custody or a federal review of constitutional claims because he feels that he is being held in violation of his federal constitutional rights.

Jackson is not entitled to any federal habeas relief on his claim that he is being held in violation of his federal constitutional rights. Jackson is not entitled to litigate the merits of an affirmative defense in federal habeas before he is convicted of the charge in state court. The issue of whether a habeas corpus petitioner could litigate federal constitutional issues before he has been tried in state court was

4

discussed in <u>Brown v. Estelle</u>, 530 F.2d 1280 (5th Cir. 1976). The court stated in <u>Brown</u>:

> An initial question is whether petitioner has any right to invoke federal habeas corpus in view of the fact that he has not yet been tried on the indictments in question. The answer is provided in large part by the Supreme Court's decision in <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). The Court there reiterated the long established principle that 'federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.' <u>Id</u>. at 490, 93 S.Ct. at 1127, 35 L.Ed.2d at 449. The Court held, however, that there was an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial. See <u>Smith v. Hooey</u>, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met. See <u>Tooten v. Shevin</u>, 493 F.2d 173 (5 Cir. 1974), cert. denied, 421 U.S. 966, 95 S.Ct. 1957, 44 L.Ed.2d 454 (1975).
>
> The district court found that petitioner was claiming that he had been denied a speedy trial and sought dismissal of indictments, and that he did not seek a present trial on the indictments. The court then assumed that the claim was cognizable and proceeded to determine whether Brown had exhausted available remedies. We believe that the decision that the claim was amenable to federal habeas corpus relief was error, in that a claim that indictments should be dismissed because of an already accomplished violation of a speedy trial right amounts to an attempt to assert 'an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.' 410 U.S. at 490, 93 S. Ct. at 1127, 35 L. Ed. 2d at 449. To permit such an attempt would short circuit the judicial machinery

5

> of the state courts in violation of the long line of precedent cited by Justice Rehnquist in his Braden dissent. See 410 U.S. at 508--09, 93 S. Ct. at 1136--37, 35 L.Ed.2d at 460--61.

Brown, 530 F.2d at 1282-1283.

It is clear that Jackson is seeking immediate release from custody or a federal adjudication of a constitutional claim before he has been convicted of any crime. He is attempting to litigate a defense to the charge in state court before the State of Alabama has convicted him of the charge.

Although the Supreme Court in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 (1973) recognized the availability of federal habeas corpus to litigate the merits of an affirmative defense to a state criminal charge prior to conviction, it noted that "special circumstances" need to exist before the federal habeas court exercises that discretion. Braden, 410 U.S. at 490. Braden, however, specifically indicated that its decision does not convert "federal habeas corpus into 'a pretrial-motion forum for state prisoners.'" Id. at 493.

Jackson has not demonstrated the "special circumstances" needed to require this Court to grant habeas corpus relief on an evidentiary matter before he has been tried on the charge. Jackson, obviously, is implying that he should not be forced to endure an unconstitutional trial because he is entitled to be released on the ground that the evidence or testimony of one witness against him is "fabricated." This claim, however, is insufficient to obtain habeas relief. This type of argument, in

6

reference to a speedy trial claim, was discussed by the court in <u>Dickerson v. State of La.</u>, 816 F.2d 220. (5th Cir. 1987). The court stated:

> The premise of Dickerson's argument is that he has a right not to stand trial. Dickerson can be seen as arguing that in order to vindicate this right, there must be some pre-trial forum available to adjudicate his constitutional claim because otherwise he would be required to go through an unconstitutional trial. Consequently, Dickerson appears to be arguing that his sixth amendment right to a speedy trial is important enough to constitute a "special circumstance" under <u>Braden</u>.

Id. at 227.

The court in <u>Dickerson</u> denied relief on that claim and stated:

> We decline to accept Dickerson's analysis that the sixth amendment right to a speedy trial is a per se "special circumstance" because to do so would eliminate the careful distinction drawn by the court in <u>Braden</u> and reiterated in cases like <u>Brown</u> and <u>Atkins [v. People of State of Mich.</u>, 644 F.2d 543 (6th Cir. 1981)] between a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial. We know of no case authority that holds that the constitutional right to a speedy trial qualifies as a per se "special circumstance" that obviates the exhaustion requirement. Indeed, the cases in which claims similar to Dickerson's have been raised have denied habeas relief on exhaustion and federalism grounds. See, e.g., <u>Brown</u>, 530 F.2d at 1282-84; see also <u>Atkins</u>, 644 F.2d at 546-47; <u>Moore</u>, 515 F.2d at 444-46.

Id. at 227.

If a sixth amendment right to a speedy trial is not a "special circumstance" that justifies pre-trial habeas corpus relief, then a claim that fabricated evidence was introduced at the preliminary hearing is also insufficient to justify federal

7

habeas relief. The court in <u>Dickerson</u> noted that <u>Braden</u>'s holding "should not be construed as authorizing pre-trial habeas interference by federal courts in the normal functioning of a state's criminal processes." <u>Id</u>. at 226. The court in <u>Dickerson</u> further noted that "pre-trial habeas relief is generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial" even if the claim has been exhausted in state court. <u>Id</u>. at 226. Consequently, as stated in <u>Brown</u> and <u>Dickerson</u>, habeas corpus relief for Jackson is not obtainable because Jackson is simply attempting to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 493 (1973).

The rationale applied in <u>Brown</u> and <u>Dickerson</u> to deny relief on pre-trial habeas corpus petitions has been followed by other courts. See <u>Lee v. Louisiana</u>, 2001 WL 83239, at *2 (E.D.La. Jan 29, 2001) ("This Court is also mindful of the instructions of the Fifth Circuit in <u>Brown v. Estelle</u>, 530 F.2d 1280 (5th Cir.1976). Therein, the court reiterated the long established principal that "federal habeas does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense, to a state criminal charge prior to judgment of conviction by a state court." <u>Id</u>. at 1283.").

8

## (C)

## Jackson Is Not Entitled To Relief On This Claim In A Pre-Trial Habeas Corpus Because He Still Has A Remedy Under State Law To Obtain Review Of The Claim.

Jackson may still raise his claim on direct appeal if he is subsequently convicted of the charges. Therefore, he is not entitled to pre-trial federal habeas corpus review of this claim.

In <u>Dickerson v. State of La.</u>, 816 F.2d 220 (5th Cir. 1987), the court noted that habeas corpus relief should not be granted on claims that could still be decided on the merits at trial in the state court. <u>Dickerson</u> states:

> Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. See, e.g., <u>Braden</u>, 410 U.S. at 489-92, 93 S.Ct. at 1126-28; <u>Ex parte Royall</u>, 117 U.S. 241, 250-54, 6 S.Ct. 734, 739-41, 29 L.Ed. 868, 871-72 (1886); <u>Brown v. Estelle</u>, 530 F.2d 1280, 1283 (5th Cir.1976). See also <u>Atkins v. Michigan</u>, 644 F.2d 543, 546 (6th Cir.), cert. denied, 452 U.S. 964, 101 S.Ct. 3115, 69 L.Ed.2d 975 (1981); <u>Neville v. Cavanagh</u>, 611 F.2d 673, 675 (7th Cir.1979), cert. denied, 446 U.S. 908, 100 S.Ct. 1834, 64 L.Ed.2d 260 (1980); <u>Moore v. DeYoung</u>, 515 F.2d 437, 442 (3d Cir.1975).

<u>Dickerson</u>, 816 F.2d at 225.

## CONCLUSION

Whereas Respondents have shown that Jackson is not entitled to relief, the claim raised in the amended petition should be denied.

Respectfully submitted,

Troy King – KIN047
*Attorney General*
State of Alabama

_____
James B. Prude (PRU005)
Assistant Attorney General

10

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>30th</u> day of January, 2006, I served a copy of the foregoing on the Petitioner, by placing the same in the United States Mail, first class, postage prepaid, and addressed as follows:

Jeffrey James Jackson
Montgomery County Detention Center
250 South McDonough Street
Montgomery, AL  36104

/s/ James B. Prude
James B. Prude (PRU005)
*Assistant Attorney General*

Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: JPrude@ago.state.al.us

94169/89253-001

11