IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JEFFERY JAMES JACKSON     *

   Petitioner,     *

   v.     *     2:05-CV-1164-MEF

D.T. MARSHALL, *et al.*,     *

   Respondents.     *

_____

**ORDER**

This case is pending before the court on a petition for habeas corpus relief filed by Petitioner, Jeffery Jackson ["Jackson"]. Respondents filed an answer to the petition, as amended, wherein they assert that Petitioner is currently in custody on charges of intentional murder and first degree robbery which are presently pending before the Circuit Court for Montgomery County, Alabama. Because Jackson has not yet been tried on these charges. Respondents maintain that he has failed to exhaust state remedies with respect to the claims raised in the instant habeas application.[1] (*See* Doc. Nos. 15, 16.)

Before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. *Cf. Rose v. Lundy*, 455 U.S. 509 (1982); *see also* 28 U.S.C. § 2254(1)(b)(1)(A). The

---

[1] Because Jackson has not yet been convicted for the offenses which he seeks to challenge in this petition, the instant matter is more appropriately docketed under the provisions of 28 U.S.C. § 2241 rather than § 2254.

pleadings and documents filed in this case indicate that Jackson has not yet exhausted his available state court remedies with respect to the claims presented in his petition for habeas corpus relief. Thus, it appears to the court that this petition should be dismissed because Jackson has failed to exhaust state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Dickerson v. Louisiana*, 816 F.2d 220 (5th Cir. 1987).

Accordingly, it is

**ORDERED that on or before February 24, 2006 Jackson shall show cause why his petition should not be dismissed for failure to exhaust state remedies.**

The Clerk is DIRECTED to take all necessary steps to amend the court docket to reflect that the instant petition is filed pursuant to the provisions of 28 U.S.C. § 2241.

Done, this 10th day of February 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE