IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEFFERY JAMES JACKSON
    PETITIONER,

V.       2:05-CV-1164-MEF

D.T. MARSHALL, et al.,
    RESPONDENTS.

## ANSWER

COME NOW THE PETITIONER, JEFFERY J. JACKSON PRO,SE TO RESPOND TO THE ORDER TO SHOW CAUSE ISSUED BY THIS HONORABLE COURT ON FEBUARY 10, 2006.

PETITIONER WAS ORDERED TO SHOW CAUSE WHY HIS PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES. IN RESPONSE TO THIS HONORABLE COURT'S ORDER, PETITIONER STATES THE FOLLOWING:

PETITIONER WHO HAS FILED EVERYTHING PRO,SE ASK COURT TO LOOK UPON THIS UNDER A ACT OF PRO,SE FILING OF A LAYMAN WHO IS DOING WITH THE BEST UNDERSTANDING OF THE LAW.

PETITIONER FILED NUMEROUS MOTIONS IN THE DISTRICT AND CIRCUIT COURT SEEKING RELIEF. PETITIONER FILED A WRIT OF HABEAS CORPUS ON JULY 19, 2005 IN THE CIRCUIT COURT COURT OF MONTGOMERY CO. ALABAMA.

THE CIRCUIT COURT HAS FAILED TO ADDRESS ANY OF MY CLAIMS. EVERYTHING PETITIONER FILED WITH THE CIRCUIT COURT HAS BEEN IGNORED. THE STATE HAVE REMEDIES, BUT DEFENDANTS CAN ONLY EXHAUST STATE REMEDIES IF THE COURTS ALLOW THEM THE OPPORTUNITY TO ADDRESS THE VIOLATIONS. ALA. CODE 15-9-82 - RIGHT OF PRISONER TO FINAL DISPOSITION.

THE 6TH AMENDMENT RIGHT TO A SPEEDY TRIAL CANNOT BE INFRINGED ON. THE STATE OR JURISDICTION IN WHICH THE CHARGE IS PENDING HAS A CONSTITUTIONAL OBLIGATION TO MAKE A DILIGENT AND GOOD FAITH EFFORT TO BRING THE ACCUSED BEFORE COURT TO TRIAL. KIMBERLY V. STATE 501 SO. 2d 534 (ALA. CRIM. APP. 1986).

PETITIONER'S CASE HAS'NT BEEN INDICTED. ON FEBUARY 16, 2005 PETITIONER FILE FOR A FAST AND SPEEDY TRIAL. PREJUDICE WITH RESPECT TO RIGHT OF SPEEDY TRIAL MEANS ACTUAL PREJUDICE TO DEFENDANT'S ABILITY TO PRESENT EFFECTIVE DEFENSE. U.S. VS. MENKE, D.C. PA, 339 F. SUPP, 1023, 1026 IN THE PROMPT TERMINATION OF A PROCEEDING WHICH MAY ULTIMATELY DEPRIVE HIM OF LIFE, LIBERTY OR PROPERTY. U.S. VS. DREYER, C.A.N.Y., 533 F.2d 112, 115.

THE STATE OF ALABAMA/PROSECUTION HAS NOT RESPONDED TO THE PETITIONER'S DEMAND FOR TRIAL. THE FIFTH 5-TH AMENDMENT PROVIDES THAT THE FEDERAL GOVERNMENT MUST NOT TRY ANYONE UNLESS ON A LAWFULLY RETURN GRAND JURY INDICTMENT. PETITIONER'S 5TH AMENDMENT RIGHT HAS BEEN VIOLATED.

IN REFERENCE TO RESPONDENTS (RESPONSE TO ORDER) DATED FEBUARY 6TH 2006. RESPONDENTS MAINTAINS THAT THE PETITIONER DID NOT PROPERLY EXHAUST HIS CLAIMS BECAUSE HE WAS REQUIRED TO PROPERLY RAISED THEM IN THE TRIAL COURT.

THE TRIAL COURT IN WHICH PETITIONERS' CASE IS PRESENTLY PENDING, HAVE NOT RESPONDED TO THE WRIT OF HABEAS CORPUS FILED ON THE 19TH OF JULY 2005. SIGNED BY THE PETITIONER. A CERTIFIED COPY OF THE SAME WAS ADDRESSED PROPERLY AND MAILED TO THE ATTORNEY GENERAL TROY KING: CIRCUIT COURT FILING NO. 83313.

EXHAUSTION OF STATE REMEDIES REQUIRES THAT PETITIONERS "FAIRLY PRESENT" FEDERAL CLAIMS TO THE STATES IN ORDER TO GIVE THE STATE THE "OPPORTUNITY TO PASS UPON AND CORRECT 'ALLEGED VIOLATIONS OF ITS PRISONERS FEDERAL RIGHTS". ISAACS V. HEAD, 300 F.3d 1232, 154 (11TH CIR. 2002).

PETITIONER IN ADDITION FILED NUMEROUS MOTIONS ADDRESSING THE CLAIMS PRESENTED IN PETITIONERS FEDERAL HABEAS CORPUS.

THE TRIAL COURT HAD AN "OPPURTUNITY TO PASS UPON AND CORRECT' THE PETITIONER'S CLAIMS PRESENTED IN HIS FEDERAL HABEAS CORPUS.

PETITIONER HAS FAIRLY PRESENTED HIS CLAIMS TO THE STATE COURTS. THE STATE COURT FAILED TO PROPERLY ADDRESS PETITIONER'S CLAIMS.

Febuary 23rd 2004 Petitioner was declared delinquent on case no. C.C-91-163 and CC-99-2133. Petitioner filed numerous motions expressing his desire for a probation revocation hearing. Pursuant to Rule 27.6 A.R.C., states that, a hearing shall be held before the sentencing court within a reasonable time after the probationer's initial appearance under Rule 27.5.

Today is Febuary 15th 2006, Petitioner has not recieved a notice from neither court in (2) years.

The trial court detained Petitioner without granting his request for a revocation hearing. The trial court had a constitutional obligation to make a diligent and good faith effort to bring the probationer before the court.

December 27, 2005 Judge Truman M. Hobbs, Jr. removed Petitioner from delinquent status. The trial court ruling resulted in a decision that is contrary to clearly established Federal law, as determine by the Supreme Court of the United States.

Whereas Petitioner have shown that he is entitled to relief on his claims. Petitioner has exhausted all available state remedies in state court, this petition should be granted.

Respectfully submitted this 16th day of Febuary 2006.

## CERTICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS 16TH DAY OF FEBUARY 2006, I SERVED A COPY OF THE FOREGOING ON THE RESPONDENTS, BY PLACING THE SAME IN THE UNITED STATES MAIL, LOCATED AT THE MONTGOMERY CO. DETENTION FACILITY AND ADDRESSED AS FOLLOWS:

OFFICE OF THE ATTORNEY GENERAL
ALABAMA STATE HOUSE
11 SOUTH UNION
MONTGOMERY, AL 36130-0152

THOMAS T. GALLION, III (GAL 010)
CONSTANCE C. WALKER (WAL 144)
ATTORNEYS FOR RESPONDENT- D.T. MARSHALL
P.O. BOX 4660
MONTGOMERY, ALABAMA 36103-4660

*Jeffery J. Jackson*
PRO SE - PETITIONER