IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JEFFERY JAMES JACKSON, #16703          *

      Petitioner,          *

        v.          *          2:05-CV-1164-MEF
                                (WO)

D.T. MARSHALL -SHERIFF, *et al.*,          *

      Respondents.          *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

As a preliminary matter, the court notes that Petitioner, Jeffery Jackson ["Jackson"], purports to bring this action under 28 U.S.C. § 2254. (*See* Doc. No. 1.)  In his petition, however, Jackson seeks to challenge criminal charges pending against him before the Circuit Court for Montgomery County, Alabama. A pretrial petition challenging ongoing state criminal proceedings is properly brought under 28 U.S.C. § 2241. *See Stringer v. Williams,* 161 F.3d 259, 262 (5th Cir. 1998) (construing petition filed to seek release from pending state criminal proceeding as brought under 28 U .S.C. § 2241 rather than 28 U.S.C. § 2254 ); *Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987) (same). Thus, this court construes Jackson's petition as seeking relief pursuant to § 2241.

Jackson is currently incarcerated in the Montgomery County Detention Facility on charges of first degree robbery and intentional murder.  He challenges his current detention on the grounds that ( 1) his arrest and charges are based on a complaint that was fabricated

by law enforcement officers, ( 2) the district court's decision to present his case to the grand jury was unconstitutional, (3) the State violated his constitutional rights and prejudiced his ability to prepare an effective case, and (4) his court-appointed attorney has rendered ineffective assistance.  Pursuant to an order of the court, Respondents filed an answer to the petition wherein they maintain that the present petition is due to be dismissed because Jackson has failed to exhaust available state remedies.  (Doc. No. 15.)  The court granted Jackson an opportunity to show cause why his petition should not be dismissed and he has done so.  (Doc. No. 18.)

Upon review of the petition, Respondents' answer, and Jackson's response, the court concludes that the instant habeas corpus action should be dismissed because Jackson has failed to exhaust state remedies with respect to each of the claims raised therein.

## DISCUSSION

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson,* 816 F.2d at 224. Jackson remains incarcerated in the Montgomery County Detention Facility on pending criminal charges and, thus, satisfies the "in custody" requirement for purposes of § 2241.

Second, Jackson must have exhausted his available state remedies.[1]  State remedies

---

[1]Although the statutory language of § 2241 itself does not contain an exhaustion requirement, this Circuit has determined that the requirements of § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies, *i.e.,* those who are "in custody in violation of the Constitution or laws or treaties of the United States." *See Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004); *see also Braden v. 30th Judicial Circuit Ct. of Ky.,*

are ordinarily not considered exhausted so long as a petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden v. 30th Judicial Circuit Ct. of Ky.,* 410 U.S. 484, 489 (1973). Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See O'Sullivan v. Boerckel*, 526 U.S. 828 (845 91999); *Richardson v. Procunier,* 762 F.2d 429, 432 (5th Cir. 1985). Exceptions exist to the exhaustion requirement, *i.e.,* when "there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the right of the prisoner." *Howard v. Davis,* 815 F.2d 1429, 1430 (11th Cir. 1987); 28 U.S.C § 2254(b). Absent such exceptional circumstances, however, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden,* 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493.

Respondents maintain that Jackson has either never presented in state court the claims he seeks to present in the instant petition or raised the claims improperly in the state court. (Doc. No. 15 at 4, Exhs. D, E, F.) Jackson alleges that he has attempted to exhaust his state court remedies by filing motions and petitions for writs of habeas corpus in the state courts. He complains, however, that the state courts have either failed to address his claims or have

---

410 U.S. 484, 489-92 (1973); *Brown v. Estelle,* 530 F.2d 1280, 1284 (5th Cir.1976). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *Dill,* 371 F.3d at 1303 (*citing O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

not considered and/or responded to his filings. (Doc. No. 18 at 1-4.)  These circumstances, however, do not warrant federal court interference in the normal functioning of the state's criminal processes. *See Carden v. Montana,* 626 F.2d 82, 83-84 (9th Cir. 1980). Further, even if one or more of the claims presented in Jackson's federal petition constitute possible defenses to the state charges, a federal court should abstain from considering those claims out of deference to the state courts. Alabama's state courts have adequate and effective state procedures for review of Jackson's  constitutional claims either before trial or in the event he is convicted of the charges presently pending against him. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Braden,* 410 U.S. at 493.

Here, the court concludes that Jackson has not satisfied the exhaustion requirement as to the claims presented or shown that he should be excused from the exhaustion requirement. He has not shown an absence of available state corrective process or that exceptional circumstances exist that render such process ineffective which would warrant federal intrusion at this juncture. Accordingly, pretrial habeas interference by this court is not authorized. *See Braden,* 410 U.S. at 493. After the state proceedings are concluded, Jackson may pursue federal habeas proceedings  after exhausting available state remedies. In light of the foregoing, the undersigned concludes that this petition is due to be dismissed without prejudice to Jackson's right to seek federal habeas corpus relief after the conclusion of available state proceedings.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition

4

for habeas corpus relief be DISMISSED without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **May 22, 2006**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 10th day of May 2006.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE